JP:CRE

M-05 1536

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FERMIN DIAZ-TEJADA and
ALEXANDRA ESCOLASTICO,

    Defendants.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 21, U.S.C. § 963)

EASTERN DISTRICT OF NEW YORK, SS:

    MICHAEL McCARTHY, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

    Upon information and belief, on or about December 12, 2005, within the Eastern District of New York and elsewhere, the defendants FERMIN DIAZ-TEJADA and ALEXANDRA ESCOLASTICO, together with others, did knowingly and intentionally conspire to import into the United States from a place outside thereof a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 952(a).

    (Title 21, United States Code, Section 963, and Title 18, United States Code, Sections 3551 et. seq.).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about December 12, 2005, the defendant ALEXANDRA ESCOLASTICO arrived at JFK International Airport ("JFK") in Queens, New York aboard Jetblue Airlines flight no. B6-732 from Santiago, Dominican Republic. The defendant presented herself and her bags for Customs examination, and stated that the bags she was carrying belonged to her. During examination, the defendant did not make eye contact, stood very stiff, and appeared nervous. Customs and Border Protection Officers then conducted a patdown search of the defendant's body, and discovered approximately 318 pellets strapped to her waist and legs. The pellets contained a white powdery which field-tested positive for heroin. The total approximate gross weight of heroin recovered from the defendant's person was 3,848.4 grams.

2. Defendant ALEXANDRA ESCOLASTICO was placed under arrest. The defendant was advised of and waived her Miranda rights and agreed to give a statement to ICE Agents. The defendant stated, in sum and substance, that she knew she was bringing heroin into the U.S., that she was to be paid $55 per pellet for doing so, and that she was to be met in the lobby of

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

terminal 4 at JFK by defendant FERMIN DIAZ-TEJADA. ESCOLASTICO then agreed to cooperate with law enforcement and to participate in a controlled delivery.

3. On December 12, 2005, at approximately 10:00 a.m., defendant FERMIN DIAZ-TEJADA called the cellular telephone of defendant ALEXANDRA ESCOLASTICO, while ESCOLASTICO was in custody. During this telephone call, which was consensually recorded by ICE agents, DIAZ-TEJADA agreed to come to JFK to pick up ESCOLASTICO. ESCOLASTICO was then equipped with an electronic recording device and placed in the lobby of terminal 4, while agents established surveillance of the area. At approximately 11:10 a.m., DIAZ-TEJADA arrived at JFK and, while outside terminal 4, called ESCOLASTICO on her cellular phone. After their conversations, DIAZ-TEJADA entered the terminal building, met with ESCOLASTICO, and escorted her toward the terminal exit doors.

4. Defendant FERMIN DIAZ-TEJADA was then placed under arrest. The defendant was advised of and waived his Miranda rights and agreed to give a statement to ICE Agents. The defendant stated, in sum and substance, that he came to JFK to pick up defendant ALEXANDRA ESCOLASTICO, that he had known her for two years, and that he had paid for her return ticket. During a search incident to arrest, agents discovered in DIAZ-TEJADA's possession an American Airlines boarding pass for

ESCOLASTICO, for a flight from Dominican Republic to JFK on December 12, 2005. When questioned about this, DIAZ-TEJADA explained that he changed ESCOLASTICO's return flight for her so that ESCOLASTICO could get an earlier flight into JFK. According to DIAZ-TEJADA, he paid for ESCOLASTICO's airline ticket merely as a favor to ESCOLASTICO.

WHEREFORE, your deponent respectfully requests that the defendants FERMIN DIAZ-TEJADA and ALEXANDRA ESCOLASTICO be dealt with according to law.

*Michael McCarthy*
MICHAEL McCARTHY
Special Agent
Immigration and Customs Enforcement

Sworn to before me this
13th day of December, 2005

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK